IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duane Holmes,                                    :
                            Appellant            :
                                                 :
            v.                                   :      No. 929 C.D. 2022
                                                 :      Submitted: October 10, 2023
City of Allentown, Lehigh County,                :
Lehigh County District Attorney's               :
Office, James B. Martin in his                   :
official and individual capacity,                :
Steven M. Luksa in his official and              :
individual capacity, John and Jane               :
Does 1 to 10                                      :

BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                           FILED: November 30, 2023


        Duane Holmes, *pro se*, appeals an order of the Court of Common Pleas
of Lehigh County (trial court) that overruled his preliminary objections to the
preliminary objections of the City of Allentown (City), Lehigh County (County),
and Lehigh County District Attorney's Office, District Attorney James B. Martin,
and Assistant District Attorney Steven M. Luksa (District Attorney Defendants)
(together, Defendants) to Holmes' complaint. Defendants ask this Court to quash
Holmes' appeal because the trial court's order was not a final and appealable order.
We agree and quash the appeal.

        On August 7, 2017, Holmes filed a civil complaint in replevin against
Defendants, seeking the return of property seized in connection with his arrest, and

he has amended the complaint numerous times.[1]  Relevant here is the ninth amended complaint dated March 15, 2022, to which Defendants filed preliminary objections on various grounds including failure to conform to law, failure to exhaust a statutory remedy, legal insufficiency (demurrer), immunity, statute of limitations, and collateral estoppel.  In response, Holmes filed preliminary objections arguing that the defenses of statute of limitations, immunity, and estoppel must be raised in an answer and new matter.  The trial court scheduled oral argument, but Holmes did not appear.  By order of August 1, 2022, the trial court overruled Holmes' preliminary objections.  On August 5, 2022, Holmes filed a motion to reschedule oral argument for the stated reason that he had been incarcerated in New Jersey.

On August 22, 2022, Holmes appealed the trial court's August 1, 2022, order to this Court and argues that the trial court, in overruling his preliminary objections in the nature of a motion to strike Defendants' preliminary objections to his ninth amended complaint, "forces [him] to waive the procedural defects" contained in Defendants' preliminary objections.  Holmes Brief at 11.  In its PA.R.A.P. 1925(a) opinion, the trial court requests that this Court quash Holmes' appeal because the August 1, 2022, order is not final or appealable as of right.

By order of February 16, 2023, this Court ordered that Holmes file and serve his brief within 14 days or else his appeal would be dismissed as of course.  Holmes' brief did not appear on this Court's docket until March 29, 2023.  The

---

[1] This case was appealed to this Court on two previous occasions.  In *Holmes v. City of Allentown* (Pa. Cmwlth., No. 102 C.D. 2018, filed August 9, 2018), this Court reversed the trial court's denial of Holmes' attempt to file an amended complaint.  In *Holmes v. City of Allentown* (Pa. Cmwlth., No. 1663 C.D. 2019, filed August 26, 2020), this Court reversed the trial court's order insofar as it sustained the preliminary objections of the District Attorney Defendants on the basis of collateral estoppel, and vacated the trial court's order insofar as it dismissed Holmes' sixth amended complaint with prejudice and remanded the matter for further proceedings.

certificate of service attached to his brief, however, stated that Holmes served his brief upon Defendants on December 12, 2022, "by placing it in the prison mailing system of the Bergen County jail[.]" Holmes Brief, Certificate of Service.

Defendants request that this Court quash Holmes' appeal due to his untimely filing of his appellate brief. The date on the certificate of service is "absurd on its face" and Holmes should not be afforded the benefit of the prisoner mailbox rule. County Brief at 10-11. Further, Defendants argue that the trial court's August 1, 2022, order is not a final, appealable order because it did not dispose of all claims and of all parties.

We begin with Rule 341(a) of the Pennsylvania Rules of Appellate Procedure. It states that "an appeal may be taken as of right from any final order of a government unit or trial court." PA.R.A.P. 341(a). The purpose of limiting appellate review to final orders is "to prevent piecemeal determinations and the consequent protraction of litigation." *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (citation omitted). A final order is defined as follows:

> (b) Definition of Final Order. A final order:
> > (1) disposes of all claims and of all parties;
> > (2) (Rescinded);
> > (3) is entered as a final order pursuant to subdivision (c) of this rule;[2] or

---

[2] Subdivision (c) of Rule 341 provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a

(4) is an order pursuant to subdivision (f) of this rule [regarding post-conviction collateral relief].

PA.R.A.P. 341(b).

Here, the trial court's August 1, 2022, order overruled Holmes' preliminary objections to Defendants' preliminary objections to his ninth amended complaint; the order did not dispose of all claims and of all parties and, as such, is not a final order under PA.R.A.P. 341(b). Further, the trial court's interlocutory order is not appealable as of right under Rule 311.[3] Nor does it fit the collateral

---

determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

PA.R.A.P. 341(c). The trial court's August 1, 2022, order was not issued under Subdivision (c) of Rule 341.

[3] Under Rule 311, an appeal may be taken, as of right and without reference to the rule relating to the determination of finality, from the following orders: (1) an order refusing to open, vacate, or strike off a judgment; (2) an order confirming, modifying or dissolving or refusing to confirm, modify, or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property; (3) an order changing venue or venire in a criminal proceeding; (4) certain orders relating to injunctions; (5) an order granting peremptory judgment in mandamus; (6) certain orders awarding a new trial; (7) an order directing partition; or (8) an order made appealable by statute or general rule. PA.R.A.P. 311(a).

In addition, under Rule 311, an appeal may be taken as of right from: (1) an order sustaining venue or personal or in rem jurisdiction; (2) an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles; (3) certain orders in criminal cases from which the Commonwealth appeals; (4) an order overruling preliminary objections to a declaration of taking and an order overruling preliminary objections to a petition for appointment of a board of viewers; and (5) certain orders remanding matters to an administrative agency or hearing officer. PA.R.A.P. 311(b)-(f).

4

order definition under Rule 313.[4]  Thus, we cannot review the merits of that order at this juncture.  We therefore quash Holmes' appeal.[5]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[4]  Rule 313 provides as follows:

> (a) General Rule. An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> (b) Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

PA.R.A.P. 313.

[5] Because we quash Holmes' appeal based on our conclusion that the trial court's August 1, 2022, order is not a final, appealable order, we need not address Defendants' alternative argument that Holmes should not be afforded the benefit of the prisoner mailbox rule.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Duane Holmes, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 929 C.D. 2022 |
| | : | |
| City of Allentown, Lehigh County, | : | |
| Lehigh County District Attorney's | : | |
| Office, James B. Martin in his | : | |
| official and individual capacity, | : | |
| Steven M. Luksa in his official and | : | |
| individual capacity, John and Jane | : | |
| Does 1 to 10 | : | |

## **O R D E R**

AND NOW, this 30th day of November, 2023, the appeal in the above captioned matter is hereby QUASHED.

_____
MARY HANNAH LEAVITT, President Judge Emerita